# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONLEY MONK, KEVIN MARRET, GEORGE SIDERS, JAMES COTTAM, JAMES DAVIS, VIETNAM VETERANS OF AMERICA, VIETNAM VETERANS OF AMERICA CONNECTICUT STATE COUNCIL, and NATIONAL VETERANS COUNCIL FOR LEGAL REDRESS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) | 3:14-CV-00260-WWE |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| RAY MABUS, Secretary of the Navy, JOHN McHUGH, Secretary of the Army, and DEBORAH LEE JAMES, Secretary of the Air Force, | ) ) ) ) | September 24, 2014 |
| *Defendants*. | ) ) | |

## PLAINTIFFS' MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANTS' SECOND MOTION FOR REMAND

Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
P.O. Box 209090
New Haven, CT 06520-9090
Telephone: (203) 432-4800

Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Telephone: (212) 891-1600

Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6000

*Counsel for Plaintiffs*

## INTRODUCTION

For more than 40 years, the Army Board for Correction of Military Records ("ABCMR"), the Board for Correction of Naval Records ("BCNR"), and the Air Force Board for Correction of Military Records ("AFBCMR," collectively, "the Boards"), have virtually ignored the claims of Plaintiffs and tens of thousands of similarly situated veterans by categorically refusing to recognize undiagnosed Post-Traumatic Stress Disorder ("PTSD") as the underlying cause of behavior that led to their other-than-honorable discharges.  As a result, these veterans have suffered the stigma of other-than-honorable discharges for misconduct attributable to PTSD and the severe constraints that their bad discharges imposed on their life prospects.

In response to this injustice, on September 3, 2014, Secretary of Defense Chuck Hagel personally issued policy guidance to these Boards regarding consideration of discharge upgrade applications brought by veterans suffering from PTSD. ECF No. 40-1 ("Hagel Memo").  On the basis of this broad policy guidance, Defendants now move unilaterally to remand to the Boards the claims of all five individual Plaintiffs: Conley Monk, Kevin Marret, George Siders, James Cottam, and James Davis.  In doing so, Defendants have rejected Plaintiffs' request for a remand that includes safeguards sufficient to ensure timely and fair adjudication, namely (1) a reasonable timeline and (2) in-person hearings.  In their proposed order, ECF No. 40-2, Defendants have also requested the dismissal of this suit – not only ignoring the claims of the organizational plaintiffs, as well as the Due Process and Rehabilitation Act claims of the individual Plaintiffs, but also ignoring entirely the pending motion for class certification.  Thus, Plaintiffs oppose in part the Defendants' motion to remand.

2

The Hagel Memo is welcome, but a defendant's voluntary (and easily reversed) cessation of illegal activity does not moot a plaintiff's claims.  Here, Plaintiffs request that the Court (1) remand the claims of the five individual Plaintiffs, with an expedited schedule for adjudication and an order directing that Defendants exercise their discretion to permit the individual Plaintiffs to appear in person with their counsel; (2) deny the Defendants' motion to dismiss the claims of the three organizational Plaintiffs, ECF No. 26, lift the stay of discovery, ECF No. 20, and direct the parties to submit a revised Rule 26(f) report; and (3) grant Plaintiffs' motion for class certification.

## ARGUMENT

The five individual and the three membership-based organizational Plaintiffs have come to this Court to seek a binding, enforceable remedy for the statutory and constitutional wrongs the Boards have committed.  Although Plaintiffs welcome the Hagel Memo as instructive guidance, it is not sufficient to ensure the individual Plaintiffs will have timely and fair adjudication of their discharge upgrade applications before the Boards, nor is it sufficient to dispose of the broader legal claims in this suit.

I.    **THE COURT SHOULD REMAND WITH CONDITIONS SUFFICIENT TO ENSURE TIMELY AND FAIR ADJUDICATION BY THE BOARDS.**

If this Court remands the individual Plaintiffs' claims, it should impose conditions adequate to ensure that their applications receive timely and fair adjudication before the Boards.  For disabled and indigent veterans, delay is not simply administrative inconvenience; it means months or years without access to the medical care and benefits that their service has earned them, and which are necessary for their health and well-being. Plaintiffs request that this Court include the relief set forth below in order that the Boards function fairly, efficiently, and without discrimination, as Congress intended.

A.      **Mandatory Deadlines for Adjudication.**

In their proposed order, ECF No. 40-2 at 2, Defendants seek to require the individual Plaintiffs to submit their applications to the Boards within 60 days, with the Boards then permitted 120 days to adjudicate each application.  The individual Plaintiffs consent to a 60-day deadline for their own submissions, but they respectfully request the Court order the Boards make a substantive adjudication in **60**, not 120, days.  In their first motion for remand, Defendants agreed to adjudicate the remanded cases in 90 days, ECF No. 28-1 at 2, and nowhere in their second motion for remand do they justify the need for a longer schedule now.  Moreover, the Hagel Memo directs the Boards to "liberally waive" time limits and give "liberal" and "timely consideration" to reapplication petitions, ECF No. 40-1, which should make adjudication even easier.

In some cases, Plaintiffs have experienced extreme delays while awaiting reconsideration before the Boards.  *See* ECF No. 37 at 5 (BCNR denied Plaintiff Monk's application over two years after submission).  The individual Plaintiffs and the putative class they represent have all previously petitioned the Boards.  Their cases are not new, and after forty years of waiting, these disabled veterans deserve timely adjudication of their applications.  Plaintiffs thus respectfully request that this Court set the following schedule:

1.  The ABCMR shall immediately produce the additional records for Plaintiff Cottam located by the Army, *see* ECF No. 18 at 8;

2.  Plaintiffs Marret, Siders, and Monk shall submit their applications to the BCNR, and Plaintiffs Cottam and Davis shall submit their applications to the ABCMR, within 60 days;

3.  The ABCMR and BCNR shall adjudicate and make a substantive decision on each application within 60 days of receipt; and

4. Upon an adverse decision by the ABCMR or BCNR, each individual Plaintiff may reinstate his case to this Court's active docket within 30 days of receipt by counsel of the adverse decision.

**B.     In-Person Hearings Before the Boards.**

The Boards are authorized to hold in-person hearings at their discretion. *See* 32 C.F.R. § 581.3(b)(4)(iii) (ABCMR); *id.* § 723.4 (BCNR).  But the BCNR, for example, has not exercised this authority in decades.  Eugene R. Fidell, *The Boards for Correction of Military and Naval Records: An Administrative Law Perspective*, 65 Admin. L. Rev. 499, 502 (2013).  The Boards' categorical refusal to grant in-person hearings is not simply an exercise of discretion; it may amount to "legally erroneous failure to exercise discretion."  *Cf. INS v. St. Cyr*, 533 U.S. 289, 307 (2001) (quoting Gerald L. Neuman, *Jurisdiction and the Rule of Law After the 1996 Immigration Act*, 113 Harv. L. Rev. 1963, 1991 (2000)).  The use of in-person hearings assures additional safeguards and fairness in the adjudication of these applications that can linger for months and even years.[1]  Recognizing this need, the Senate Armed Services Committee recently required that the Boards work to "increase the number of in-person hearings granted."  S. Rep. No. 113-176 at 107 (2014).

In their previous opposition to remand, Plaintiffs requested that this Court direct the Boards to utilize in-person hearings for each of the individual Plaintiffs.  ECF No. 27 at 20.  In-person hearings at which the individual Plaintiffs could appear with their counsel would best ensure that Secretary Hagel's guidance is implemented, with a

---

[1] In many veterans' cases, an in-person hearing could make all the difference.  At the Discharge Review Boards, where veterans may elect in-person hearings by right, rates of success have at times been *twice* as high for those who appeared in person as compared to those whose applications were reviewed on paper. David F. Addlestone, *Military Discharge Upgrading and Introduction to Veterans Administration* ¶ 9.2.7.5.1 (1982).

meaningful opportunity to be heard, affording the individual Plaintiffs fair and

transparent consideration in accordance with the Hagel Memo.

**C.    Claims of Organizational Plaintiffs.**

While Defendants' brief does not address mootness, their proposed order seeks to

have this *entire* case dismissed without prejudice.  ECF No. 40-2 at 2.  To the extent

Defendants are suggesting that remanding the five individual Plaintiffs would render this

case moot, they are incorrect.  First, it is well-settled that a defendant's voluntary

cessation of illegal activity does not render a case moot.[2] Second, the organizational

Plaintiffs Vietnam Veterans of America (VVA), VVA-Connecticut State Council (VVA-

CT), and the National Veterans Council for Legal Redress (NVCLR) remain parties to

this litigation, on behalf of their members and themselves.  For reasons set forth in their

prior briefing, Plaintiffs respectfully request that Defendants' motion to dismiss the

claims of VVA, VVA-CT, and NVCLR be denied, *see* EFC No. 34, the Court's

temporary stay of discovery be lifted, ECF No. 20, the parties be directed to submit a

revised Rule 26(f) report,[3] and the Plaintiffs' motion for class certification, ECF No. 24,

be granted.

---

[2] Secretary Hagel's memo does not moot this suit. It is "well settled" that a defendant's voluntary cessation of challenged conduct does not deprive a court of its power to determine the legality of the conduct. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *see Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) ("[W]hen it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, [and] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation, the issue is moot.") (internal quotations omitted). The Defendants cannot demonstrate that the discriminatory treatment of Vietnam veterans with PTSD and other-than-honorable discharges by the Boards has been "completely and irrevocably eradicated" with this new policy guidance.  This policy memo could be rescinded tomorrow or under a new Secretary of Defense or a new administration.  *See Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000) (appellate court erred by finding case moot when it improperly discounted scenarios in which challenged conduct could recur); *B.C. v. Colton-Pierrepont Cent. Sch. Dist.*, 357 F. App'x 366, 369 (2d Cir. 2009) (acknowledging that a state legislature could have an incentive to repeal an amendment to a statute passed under threat of litigation after said litigation had ended due to mootness).
[3] For instance, Plaintiffs initially requested, EFC No. 6, and this Court ordered, ECF No. 7, a deadline of July 31, 2014 to join additional parties or amend the pleadings.  If the Court remands the claims of the

## **CONCLUSION**

The named Plaintiffs, on behalf of themselves and all others similarly situated, have come to this Court to seek a binding, enforceable remedy for the statutory and constitutional wrongs the Boards have committed.  For decades, Plaintiffs and tens of thousands of similarly situated veterans have waited for the Boards to recognize their struggles with PTSD. Although Plaintiffs welcome the Hagel Memo as instructive guidance, it is not sufficient to ensure the individual Plaintiffs will have timely and fair adjudication of their discharge upgrade applications before the Boards, nor is it sufficient to dispose of the broader legal claims brought by all of the named Plaintiffs on behalf of the proposed class of Vietnam veterans seeking to upgrade their discharges based on claims of previously unrecognized PTSD.  For these reasons, the individual Plaintiffs request that the Court remand their cases subject to the protective conditions set forth above and then proceed to adjudicate the pending motions to dismiss and for class certification.

Respectfully submitted,

---

individual Plaintiffs, Plaintiffs may seek leave to join as parties other members of the proposed class, such as the disabled veterans whose declarations Plaintiffs submitted in opposition to the motion to dismiss the claims of the organizational plaintiffs.  See ECF Nos. 34-4 to -10.

By:  /s/ Michael J. Wishnie
Thomas Brown, Law Student Intern
James Anglin Flynn, Law Student Intern          Susan J. Kohlmann
Elizabeth Ingriselli, Law Student Intern         Jeremy M. Creelan
Emma Kaufman, Law Student Intern                Ava U. McAlpin
Virginia McCalmont, Law Student Intern          Jenner & Block LLP
Jennifer McTiernan, Law Student Intern          919 Third Avenue
V Prentice, Law Student Intern                   New York, NY 10022-3908
Daniel Townsend, Law Student Intern             Telephone: (212) 891-1600
Bethany Y. Li
Jonathan M. Manes, ct29574                      Marina K. Jenkins
Michael J. Wishnie, ct27221                     Jenner & Block LLP
Veterans Legal Services Clinic                   1099 New York Avenue NW, Suite 900
Jerome N. Frank Legal Services Org.              Washington, DC 20001-4412
P.O. Box 209090                                  Telephone: (202) 639-6000
New Haven, CT 06520-9090                         Facsimile: (202) 639-6066
Telephone: (203) 432-4800
Facsimile: (203) 432-1426
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2014, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/EFC system.

The following parties were served by electronic means:

Matthew A. Josephson, U.S. Department of Justice

Michelle McConaghy, U.S. Attorney's Office, District of Connecticut


/s/   Michael J. Wishnie
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090
(203) 432-4800